## Bradstreet *vs.* Supervisors of the County of Oneida.

An *alien* friend is entitled, at common law, not only to *take* and *hold real
estate* until office found, but to *maintain an action for its recovery*, in
case of intrusion by an individual.
The *tender* of the *demimark* is applicable under our form of government,
and vitiates a plea to which it is added.

The demandant brought a *writ of right* for recovery of
certain premises situate in the county of Oneida, and *counted*
that she was seized in her demense as of fee within 25 years
by taking the esplees, &c. The defendants put in two pleas :
in the *first* they join the *mise*, by putting themselves upon the
grand assize to determine which has the *better right ;* and
then *tender* two dollars to the use of the people, that it may be
inquired by the grand assize whether the demandant was
seized, &c. The *second plea* is, that the demandant is an
*alien,* born in foreign parts, to wit, &c., and concludes with
praying judgment wh ether she ought to have or maintain
her action, &c. The demandant put in a general demurrer
to each plea, assigning, as a special cause of demurrer to the
first, that after joining the *mise,* the defendants prayed a re-
cognition by the grand assize, &c. The defendants joined
in demurrer.

*J. L. Tillinghast,* for the demandant.

*J. T. B. Van Vechten,* for the defendants.

*By the Court,* Savage, Ch. J. The first plea is bad for th e
cause assigned. The tender of the demimark has no appli-
cation to our practice, as was shown in *Ten Eyck* v. *Water-*

*bury*, 7 *Cowen*, 52. Our records ought not to be encumbered with such absurdities. The defendants might with equal propriety have claimed a *trial by battle*, and tendered their champion ; both were once the practice in England, but never in this state. There is indeed this difference : the trial by battle has been abolished by statute ; the demimark has not been so abolished, because it was totally inapplicable, under our form of government. In this case it has no fitness or propriety ; even in England it is not proper, unless the count alleges a seisin in the reign of some particular king, when the seisin was in fact in another king's reign.

The demurrer to the second plea raises the question whether an *alien friend* can sustain a writ of right. By the record before us, the demandant is seized of the premises to which she makes claim ; but it is said she cannot maintain an action for them, because she is an alien. One of the earliest cases to which we have been referred is found in 2 *Dyer*, 2, *b*, in the 6th year of Henry 8. An *alien*, living in France, brought a writ of *debt* in the common pleas. The defendant pleaded that the plaintiff was born out of the kingdom. It was held that he might maintain a *personal* action, if there be no war ; but in *real actions*, the plea is good, for no alien can have land within the realm, unless he be a denizen. So in *Co. Litt*. 129, *b*. an alien friend may maintain personal actions, but he cannot maintain either real or mixed actions. The reason seems to be, that the maintenance of personal actions is necessary for the encouragement of commerce; not so as to real actions. These authorities are quoted with approbation in *Viner's Abr. tit. Alien, G. H; Comyn's Dig. tit. Alien, C.* 5 ; *Bacon's Abr. tit. Alien, D*. In *Wells* v. *Williams*, 1 *Ld. Raym*. 282, Treby, chief justice, says, " An alien enemy, *who is here* in protection, may sue his contract, but an alien enemy abiding in his own country cannot sue here ;" and *Dyer*, 2, *b*, and other books, ought to be so understood. In *Jackson* v. *Lunn*, 3 *Johns. Cas*. 120, Kent, justice, cites the doctrine of *Calvin's case*, 7 *Co*. 1, that the alienism of a demandant may be pleaded. The case of *Clark* v. *Morey*, 10 *Johns. R*. 69, did not raise this question ; that was an action of *assumpsit*, and brought by an *alien resident here*. It was there stated that a

NEW YORK, lawful residence implies protection, and a capacity to sue and
May, 1835. be sued. It is true, as is there stated, that much of the an-
Bradstreet cient rigor of the common law has been abated, but the law
v. still remains as formerly, that without the aid of statutory
Supervisors of
Oneida co. provision, an alien may *take* real estate, but he can *hold* only
until office found. Hence the necessity of provisions in trea-
ties and statutes in their favor. It seems strange, that any
person, who, by our laws, may take real estate, and hold
it against all the world, except the government, should not
be at liberty to prosecute for the recovery of possession. As
the law seems to have been understood, an alien may *defend*,
but he cannot *prosecute*, in an action touching the reality.
7 *Cranch*, 620. Chancellor Kent, 2 *Kent*, 61, says, " Accord-
ing to Lord Coke, none but an alien merchant can have land
at all, and he is restricted to a house, for the law gave him
the privilege for habitation only, as necessary to trade." Such
was the strictness of the common law. Our statutes, it is
well known, are quite favorable enough to aliens ; but the
question before us rests upon the rights of an alien at the
common law. There are very few cases in point, because
most of those who are found reported, have respect to the
statutes enabling aliens to take, hold and convey, real estates.
The case of *M'Creery's Lessee* v. *Allender*, 4 *Har. & M'Hen.*
409 to 412, seems to have been decided entirely upon com-
mon law principles, in the court of appeals of *Maryland.*
There, Chase, Ch. J., says that the title of an alien friend is
good against every body but the state, and that his right and
possession could not be divested but by office found, or some
act done by the state to acquire possession ; and judgment
was given for the plaintiff, who was an alien and a British
subject. The case of *Anslie* v. *Martin*, 9 *Mass R.* 460, seems
to proceed upon the assumption that the plea of *alien friend*
is good in *abatement ;* though in that case, and in every other
the doctrine is broadly asserted, that an alien may take a free-
hold, and hold it until office found, and he is not accounta-
ble for the rents and profits previously received. If an alien
may take and hold real estate against every person, he may
do so because he has a right in the property, when the laws
guaranty to him. It is his as against other *individuals ;* if

they attempt to turn him out, or disturb his possession, he may defend himself, by virtue of the estate which he has. But suppose some person, by force or fraud, obtains possession; if the plea of alien friend is a bar, the intruder may enjoy the fruits of his improper conduct with impunity. The law cannot be so unjust. The judgment given by Ch. Justice Chase seems to be the legitimate conclusion, from the premises conceded in all the cases and in all the books. If it is the property of the alien, against every body but the government, he has a right to the use of it; and if necessary to prosecute for it, surely the right to prosecute is necessarily consequent upon his right to its enjoyment. The pleas are therefore bad, and the demandant is entitled to judgment.

Leave to defendants to amend, on payment of costs.