## JOHN WAUGH *vs.* ANNE RILEY.

A tenant in a writ of entry brought in the court of common pleas, to foreclose a mortgage, and in which the demandant counts on his own seizin in fee and in mortgage, cannot oust the court of its jurisdiction, by showing a quitclaim deed of the demanded premises, made by the mortgagor to the demandant, and acknowledged and recorded, without also giving evidence of a delivery of the deed to the demandant, or of his acceptance of it, or of his making a claim under it.

Alienage of the mortgagor is no defence to a writ of entry brought by the mortgagee to foreclose the equity of redemption.

When a tenant, in a writ of entry brought to foreclose a mortgage, gives evidence, for the purpose of showing payment of the mortgage debt, that the mortgagor, for several years after the mortgage was made, worked for the demandant, from time to time, the demandant may show, by way of rebutting such evidence of payment, that the mortgagor was poor, and dependent on his earnings for the support of himself and his family, and that it was the practice of the demandant to pay, at short and stated periods, all the laborers employed by him.

WRIT OF ENTRY to foreclose the right of redeeming the mortgaged premises described in the count. The demandant counted on his own seizin in fee and in mortgage.

Trial in the court of common pleas, before *Merrick*, J. whose report thereof was as follows:

The demandant, in support of his claim, offered in evidence a mortgage deed of the premises, made on the 13th of April 1833, by Barnard Riley to Nathaniel Marsh, to secure the payment of a note of even date, for the sum of $375 ; and an assignment of the said note and mortgage to the demandant, made by the said Marsh on the 2d of November 1833. The demandant here rested his case.

The tenant, denying any relation or connexion between her and the said Barnard Riley, insisted that this action could not be maintained against her upon the evidence produced, she being the tenant in possession, and no evidence having been offered of any title whatever in the said Barnard Riley. This objection of the tenant was sustained by the court ; whereupon the demandant's counsel suggested, that the tenant was, during the lifetime of the said Barnard, his wife, and that she claimed to be in possession of the premises as his widow, and in behalf of herself as his widow, and of her children as his heirs at law ; and moved for leave to offer evidence to show title in said Barnard at the time of the making of the said mortgage. This was objected to by the tenant's counsel, because the demandant had rested his case ; but the court overruled the objection, and permitted the evidence to be offered. For the purpose of proving that said Barnard was in possession of the premises, claiming to hold them as owner, before and at the time of the making of said mortgage, and afterwards, the demandant called two witnesses, whose testimony tended to show that said Barnard Riley was in actual and uninterrupted possession of said premises before and at the time of making said mortgage deed, and afterwards, claiming them to be his own. The demandant here rested his case.

The tenant objected, that the demandant had not shown sufficient evidence of title in Barnard Riley to enable him to

maintain this action; but the court ruled that actual uninter-
rupted possession, with a conveyance by him in mortgage, was
sufficient against the present tenant, unless some evidence of
title was exhibited by her.

The tenant then offered evidence to show that said Barnard
was an alien; that he had never been naturalized; and that he
died some years before the commencement of this action; and
she contended, that at his death the fee in the premises vested
at once in the Commonwealth, and therefore that this action
could not be maintained by the demandant. This objection
was overruled by the court.

The tenant then (having first proved notice to the demand-
ant to produce the deed) gave in evidence an office copy of a
quitclaim deed of the premises, made by said Barnard to the
demandant, dated June 16th 1834, and acknowledged and
recorded on the same day. The demandant thereupon de-
clared that said deed was made without his knowledge or con-
sent; that it was wholly without consideration; and that he
had never accepted it, nor made any claim under it. And no
evidence was offered by the tenant to show that the demand-
ant had received such deed, or that he had ever made any claim
under it, except the production of the office copy aforesaid.

The tenant contended that the mortgage was merged in and
by the last mentioned deed, and insisted that an action on the
mortgage could not be maintained, and moved that this action
should be dismissed from the court, for want of jurisdiction.
The court declined so to rule, or to dismiss said action.

The tenant offered evidence, for the purpose of showing a
payment of the note secured by the mortgage, that said Barnard
Riley, for several years after giving the said note and making
said mortgage, worked and labored for the demandant, from time
to time, and in his employment. To rebut this evidence, the de-
mandant introduced evidence to show that said Barnard was very
poor, and dependent upon his earnings for the support of himself
and family. And for the purpose of showing the improbability
that his wages were applied to the payment of said note, the de-
mandant also, though objected to by the tenant, was permitted

to offer evidence, that it was the custom and practice of the demandant to pay all the .aborers in his employment, at short and stated periods.

The demandant then offered evidence tending to show, that only a short time before said Riley left this part of the country for New Orleans, where it is supposed he died, he acknowledged that the full amount of the mortgage was due to the demandant.

The tenant requested the court to instruct the jury, " that she having shown sums of money due from the demandant to said Barnard, and the death of the latter, they were bound, in the absence of any proof of payment, to presume them unpaid, and applied on the overdue note secured by the mortgage ; and that, in the absence of evidence of any direct application of such sums, she had a right so to apply them." The court declined giving such instructions, but left the whole question of payment to be determined by the jury.

A verdict was found for the demandant, and the tenant alleged exceptions to the foregoing rulings and instructions of the court.

*B. F. Butler,* for the tenant. The demandant must recovei on the strength of his own title, and not on the weakness of that of the tenant. The demanded premises, on the death of Barnard Riley, vested in the Commonwealth, without office found. 2 Kent Com. (3d ed.) 54, 61. *Blight* v. *Rochester,* 7 Wheat. 535. An alien cannot convey, so as to prevent the Commonwealth from taking, without office found, on his death. *Commonwealth* v. *Sheafe,* 6 Mass. 441. *Slater* v. *Nason,* 15 Pick. 345.

The quitclaim deed given by Riley to the demandant, before this suit was commenced, merged the mortgage, and therefore the suit was not within the jurisdiction of the court of common pleas. *St.* 1840, *c.* 87. *Cooper* v. *Whitney,* 3 Hill, 95. *Roberts* v. *Jackson,* 1 Wend. 478. *James* v. *Mowry,* 2 Cow. 300.

The evidence of the demandant's practice to pay his laborers at short and stated periods was improperly admitted, as it did not legally warrant the inference that he paid Riley for his labor.

25

*Knowles*, for the demandant. Riley's mortgage was valid and operative against all the world except the Commonwealth. *Bradstreet* v. *Supervisors of Oneida County*, 13 Wend. 548.

There could be no merger in this case, unless such was the intention of the parties. Stearns on Real Actions, 43. 3 Cow. 304. See also *Gibson* v. *Crehore*, 3 Pick. 475. But there is no proof of the delivery of the deed to the demandant, nor of his acceptance of it, or claim under it.

The evidence as to the demandant's practice was competent. *Loring* v. *Gurney*, 5 Pick. 17. *Shove* v. *Wiley*, 18 Pick. 558.

WILDE, J. This was an action to foreclose a mortgage of real estate, made by Barnard Riley to Nathaniel Marsh, and by the said Marsh assigned to the plaintiff. At the trial in the court of common pleas, several exceptions were taken to the decisions of the court, upon which the tenant moves for a new trial.

The first exception is founded on an objection made to the jurisdiction of the court of common pleas. The tenant gave in evidence a quitclaim deed of the mortgaged premises, from said Barnard Riley to the demandant, made subsequently to the said mortgage, by which it was contended the mortgage was merged, and the whole estate vested in the demandant. This undoubtedly would have been a valid objection to the jurisdiction of the court, if there had been any proof of the delivery of the deed to the demandant, or of any claim made by him under it. But this was denied by the demandant, and no evidence of a delivery of this deed to him, or of his accepting it, or making any claim under it, or having any knowledge of it, was offered ; and the tenant's motion to dismiss the action, for want of jurisdiction, was rightfully overruled.

Several objections were then made to the demandant's title, only one of which is now relied on. It was objected that Riley, the mortgagor, was an alien, and that, by the deed of conveyance to him, the estate immediately vested in the Commonwealth ; he being incapable of taking and holding real estate. But the doctrine is very clearly established, by numerous authorities, that an alien may take a freehold, and hold it

until office found.   It is true, that by the strictness of the common law, it has been held that an alien cannot maintain an action for the recovery of possession of real estate.   But in all the cases in which this doctrine is maintained, it is held that he may take and hold real estate until office found, and that he may hold it against all the world except the government. So that an alien may defend, but he cannot prosecute, in a real action.

It is justly remarked by Savage, C. J. in *Bradstreet* v. *Super visors of Oneida County*, 13 Wend. 548, that " it seems strange that any person who, by our laws, may take real estate, and hold it against all the world except the government, should not be at liberty to prosecute for the recovery of possession." However this may be, it is unquestionable that an alien may take and hold real estate against every person, until office found, and may convey his right and title to a purchaser.   The question whether an alien can prosecute for the recovery of possession of real estate does not arise in this case.   But it was decided, in the case in 13 Wend. above cited, that notwithstanding the ancient rigor of the common law, as laid down in sundry cases, such an action might be maintained ; and the reasons given by Chief Justice Savage, in support of the decision, are very cogent.

An objection was made to the admission of evidence, on the part of the demandant, to rebut the evidence of payment of the mortgage debt by Riley's labor and services for the demandant, after the assignment of the mortgage to him.   The demandant was allowed to introduce evidence to show that Riley was poor, and dependent upon his earnings for the support of himself and family ; and that it was the practice of the demandant to pay all the laborers in his employment at short and stated periods. We are not aware of any valid objections to the competency of this evidence.   We think it was for the jury to decide what inference, if any, might be drawn from these circumstances.

*Exceptions overruled*