### MICHAEL MICK *vs.* MARY MICK.

An *alien widow* of a *natural born citizen* cannot be *endowed* by reason of her alienism; and the revised statutes having declared *void* a *devise* to an alien not authorized by statute to hold real estate, such widow cannot hold lands devised to her by her husband, although *after* the death of the husband she files, within the time limited by the act of 1830, the *deposition* required to be filed by aliens.

*It seems,* had the widow taken the incipient steps to become naturalized *previous* to the death of her husband, so that at the time of his death she had been authorized to take and hold real estate, that she would have held the land devised to her.

THIS was an action of ejectment, tried at the Jefferson circuit in June, 1831, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The plaintiff claimed to recover an equal undivided *ninth* part of a farm, whereof his father died seised. The defendant is the step-mother of the plaintiff; she was born in *Ireland*, emigrated to this country in 1829, or thereabouts, and about 12 years since married the father of the plaintiff, who was a *native born citizen* of this country, and shortly afterwards removed with her husband into this state. In 1823, her husband received a conveyance of the farm in question; in March, 1830, made his last will and testament, *devising* the farm to the defendant; and in *May* of the same year, died. In the following month of *June*, the defendant made a *deposition* in due form, before a proper tribunal, of her residence and desire to be naturalized, and received a *certificate of naturaliza-*

*tion.* Upon this evidence, the defendant claimed that she was entitled to hold the land under the devise to her, and that at all events she could not be dispossessed of one third thereof, being entitled to hold so much as her dower. The judge ruled against her upon both points, and the jury, under his direction, found a verdict for the plaintiff. The defendant asks for a new trial.

*S. Stevens,* for defendant.

*M. Sterling,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. The defendant having been born in Ireland, and not having been naturalized at the death of her husband, was an alien. As such she was incapable, at the common law, of taking by descent, or other mere operation of law, though she might take by purchase, or devise, which is one species of purchase, and might hold until office found. 2 *Ves. sen.* 362. 6 *Cranch,* 20. 2 *Kent's Comm.* 54. But by the revised statutes, 2 *R. S.* 57, § 4, "Every devise of any interest in real property to a person who, at the time of the death of the testator, shall be an alien, not authorized by statute to hold real estate, shall be void." The defendant, therefore, cannot hold as devisee, unless there is some statute which gives her the capacity to take and hold real estate in that manner ; neither can she hold her dower at common law, for it is well settled that the *alien widow* of a natural born citizen cannot be endowed, by reason of her alienism. 1 *Cowen,* 89, *and cases there cited.* She cannot take or hold at all, unless by virtue of some statute.

The statutes enabling aliens to purchase and hold real estates within this state are collected in 3 *R. S.* 341 *to* 344. The first act was passed April 2d, 1798, and continued in force three years ; by it, conveyances to alien friends were declared to be valid to vest the estate granted, and the grantees were authorized to hold the same, to them and their heirs and assigns forever, provided they should not lease reserving any rent or service whatsoever. This act expired on the 2d April, 1801. On the 26th March, 1802, another act was passed,

NEW-YORK,
May, 1833.

Mick
v.
Mick.

conferring the same rights upon aliens who had become in-habitants of the state. The former act did not contain any such condition. The act of 1798 authorized aliens, *resident* or *non-resident*, to purchase and hold real estate, and to con-vey the same to other aliens not subjects of a power at war with the United States, as appears by the act of 5th March, 1819. The policy of the act of 1802 is declared in the pre-amble : it was to encourage aliens to come and reside in this state and invest their capital, by means of which the agricul-ture and manufactures of the state might be improved. This act, therefore, contained the condition, that the aliens to be entitled to its benefits should become *inhabitants* of the state, and that no one purchase should exceed one thousand acres. That act embraced all aliens who had then become inhabi-tants of the state ; it was subsequently extended, in 1804, 1805 and 1808, to all who should become inhabitants at the close of the session of the legislature of the latter year. The latter act also declared that all who were thereby authorized to acquire real estate by purchase, might take by devise or descent. The defendant cannot derive any benefit from any of these laws for two reasons : 1. Because she was not an *in-habitant* of the state in 1808, and 2. Because her husband, who purchased the land in question, being a natural born citizen, did not make the purchase by virtue of these statutes, and could not, had he been an inhabitant of the state at the time mentioned ; the object was to encourage aliens of capital and enterprize to come and reside among us. In *Sutliff* v. *Forgey*, 1 *Cowen*, 89, it was held that the widow of an alien who pur-chased under this statute was entitled to dower. It was ar-gued that the wife, when the purchase in that case was made, in 1804, had capacity to take, but that she could not purchase or take only through the medium of her husband ; that the purchase of the husband, being by virtue of the statute, should enure to the benefit of the wife. But as in this case the pur-chase was not made by the husband in virtue of those stat-utes, the wife can derive no benefit from such purchase.

I am not aware of any general statute regulation on this subject after 1808, until 1825, when an act was passed on the subject, which is incorporated in the revised statutes, 1

*R. S.* 720, § 15. Any alien who had become a resident and taken the incipient steps to become naturalized, might take and hold real estate by purchase, devise or descent ; and by the act of April 15, 1830, any resident alien who had purchased and taken a conveyance for any lands or real estate, before filing the deposition required by previous acts, is permitted to hold on filing such deposition within one year after passing the act. In June, 1830, the defendant not only filed a deposition, but obtained a certificate of naturalization. Under these statutes, had the husband been an alien and made the purchase as he did, and had lived and filed a deposition when the defendant did, he would have been entitled to hold and transmit real estate ; and his wife would have been entitled to the benefit of the husband's purchase, in so far, at all events, as to secure to her her dower.

But the legislature, in all their liberality to resident aliens, have never made any provision for the *alien widow* of a *natural born citizen.* She is, and always has been excluded by the common law from dower in the lands of her husband ; no statute has ever been passed ameliorating the common law in her behalf. The preceding statutes do not reach her case, unless the act of 1830 can be construed so as to embrace a devise of real estate. She was not entitled to take by the revised statutes, because no deposition had been filed previous to her husband's death, according to the statute, 1 *R. S.* 720, § 15. Had that been done, she would have been enabled to take and hold real estate in the same manner as a native citizen, and which might have descended, or been devised or conveyed to her. But no such deposition having been filed, she had no capacity to take in either way above mentioned. Then comes the act of 1830, which declares that any resident alien who has purchased and taken a conveyance for any lands or real estate within this state, before making and filing the deposition required by the revised statutes, may continue to hold in the same manner as if such deposition had been made, provided such deposition shall be made in one year thereafter. The defendant has filed the required deposition within the year, and therefore had a right to hold any lands purchased by and conveyed to her before the deposition was

filed, and before the passing of the act of April 15, 1830. The question still recurs, could she take by *devise* under these circumstances? At common law she might take by devise and hold till office found; by the revised statutes she may, if authorized by any statute to hold real estate, otherwise not. By the act of 1830, she was authorized to hold real estate by purchase and which had been conveyed to her, provided she filed the necessary deposition within the specified time. Had she been joined in the conveyance as grantee with her husband, she might undoubtedly hold by virtue of this statute. But there is a difficulty which appears to me insurmountable. During the husband's life time, the estate was in him; when he died, it passed from him. At that moment she had clearly no capacity to take. She was not then authorized by any statute to hold real estate. The estate vested somewhere; it could not then vest in her, for by the 2 *R. S.* 57, § 4, the devise to her was void. The estate then vested in the heirs at law. This took place upon the death of her husband on the 14th May, 1830. The defendant did not file the deposition required, until June afterwards; and that act could not divest an estate already vested by operation of law. Had she filed the deposition before the death of her husband, the devise would have been good. The act of 1830 can therefore only relate to those cases where an alien may take and hold until office found, as by *deed*; and it would be so by *devise* too, but for the clause above referred to, rendering a devise void unless the devisee had authority by statute to take and hold real estate. My conclusion is, that the defendant could not take either as devisee or as widow, and that the plaintiff is entitled to recover one ninth of the whole premises.

New trial denied.