<div style="text-align:right">Davis<br>v.<br>Darrow.</div>

*S. Dutcher,* for the plaintiffs in error.

*I. L. Wendell,* for the defendants in error.

---

<div style="text-align:center">DAVIS <em>vs.</em> DARROW.</div>

The widow of an *alien* is entitled to recover dower in lands, against a party whose title is derived from her husband, although the husband, at the time he took a conveyance of the lands, was not entitled to take and hold real estate, and such conveyance was subsequently affirmed by statute.

THIS was an action of *ejectment for dower,* tried at the Herkimer circuit, in March, 1832, before the Hon. NATHAN WILLIAMS, then one of the circuit judges.

The plaintiff was the widow of *William Davis* a *Welchman* who was a soldier in Burgoyne's army, which was captured in 1777, at Saratoga. He remained in this country until his

death in 1829, married the plaintiff 40 years before the trial, at Dalton in Massachusetts, and died in the town of Schuyler, in this state ; his wife at the time of his death living with him.   In 1826, he became the purchaser of a lot of land in the town of Schuyler, which was conveyed to him by a warranty deed, and, in 1829, conveyed the lot to one Sally Webster, under whom the defendant holds the premises by lease. In 1831, an admeasurement of dower was made by the surrogate of the county, upon the application of the plaintiff, and a portion of the premises conveyed to Sally Webster, assigned to her as her dower, for the recovery of which this action was brought.   The defendant moved for a nonsuit, on the ground that the husband of the plaintiff being an *alien* at the time of the conveyance to him, the plaintiff was not entitled to dower. The judge sustained the motion and nonsuited the plaintiff, which nonsuit was now moved to be set aside.

*L. Ford,* for the plaintiff.

*J. A. Spencer,* for the defendant.

*By the Court,* NELSON, J.   At common law the widow of an *alien* husband could not be endowed.   1 Co. Litt. 572, (31, a 1.) Bacon's Abr. tit. Alien, 136, n.   4 Kent's Comm. 37.   1 Cowen, 89.   8 id. 713.   By the revised statutes, 1 R. S. 740, § 2, the widow of an *alien,* who at the time of his death was entitled by law to hold real estate, if she be an inhabitant of this state at that time, shall be endowed of such estate in the same manner as if her husband had been a native citizen. This is a new provision, taken from the law of the case in 1st and 8th Cowen, above referred to.   In the case now under consideration, there was no statute in existence at the time the husband purchased, with the terms of which he had complied, entitling him to hold real estate ; nor was such purchase affirmed by any subsequent statute : *vide* the case of *Mick* v. *Mick,* 10 Wendell, 379, in which the statutes on this subject are fully examined by the chief justice.

But the defendant derives his title from, and holds the premises under the husband of the plaintiff; and it has been

repeatedly determined in this court, that a tenant or defendant in such condition is estopped from denying the *seisin* of the husband.  6 Johns. R. 290.  7 id. 278.  9 id. 344.  1 Caines, 185.  2 Johns. R. 119.  These cases are full and direct to this point.  In *Hitchcock* v. *Harrington*, 6 Johns. R. 290, Kent, C. J. cites *Taylor's case*, in which it was held, that if a tenant for life or years made a feoffment in fee and died, and his wife brought dower against the feoffee, he could not plead that the husband was not seised.  The principle is just and sound, inasmuch as the defendant derives his claim to, and possession of the premises from the husband of the plaintiff.

<div align="right">

NEW-YORK,
May, 1834.