WATERBURY *vs.* MATHER and MAURIN.

Where, in a suit against two defendants, in assumpsit, in which one is arrested and the other returned *not found*, it appears, on the trial, that the defendant not brought in is *misnamed* in the declaration, as being called *John* instead of *George*, the plaintiff will be nonsuited for the variance.

Had both defendants been *arrested*, the misnomer could have been taken advantage of only by plea in abatement.

A plaintiff cannot, in such case, avail himself of the statute allowing process to be issued against a defendant by a *fictitious name*, on the ground that his name was *not known* to the plaintiff, unless an averment to that effect is contained in the declaration, or is alleged by way of replication to a plea of misnomer.

ERROR from the superior court of the city of New-York. The plaintiff declared against the defendants by the names of *Thomas W. Mather* and *John Maurin*, stating *Mather* to have been arrested, and that *Maurin* was returned *not found*. The plaintiff counted upon a note made by the defendants in the name of *Thomas W. Mather & Co.*, which he alleged to be the name under which they transacted business. The declaration contained also the common *money counts*. Mather put in the plea of the general issue, that *he* did not undertake and promise *in modo et forma*, &c. On the trial of the cause, it was proved that the firm of *Thomas W. Mather & Co.*, consisted of *Thomas W. Mather* and *George* (not *John*) *Maurin*, and that the signature to the note was in the hand-writing of *George Maurin*, who, it was proved, had said the note would be paid. The court nonsuited the plaintiff for the *variance* between the declaration and proof. The plaintiff sued out a writ of error.

*T. W. Tucker & S. A. Crapo*, for the plaintiff.

*C. Edwards*, for the defendants.

*By the Court,* COWEN, J. This nonsuit is entirely sustained by *Gordon* v. *Austin and others,* 4 T. R. 611. That was an action on a promissory note made by *Austin, Strobell & Shirtliff,* who were declared against by the names of *William Austin, Robert Strobell* and *William Shirtliff,* the two last of whom were stated to be outlawed. The defendant Austin pleaded non assumpsit. The note was signed *Austin, Strobell and Shirtliff,* the name of the firm ; but Strobell's name was *Daniel* and not *Robert.* It was held that the plaintiff should have been nonsuited for the variance. Austin alone having pleaded, Erskine insisted that the issue was whether *he* had promised, evidently seeking, as the plaintiff's counsel here, to get the case on to the same ground as if he *alone* had been sued. The court put the case on the ground of variance, evidently holding the issue to be whether he had promised with *Robert* and *William :* and the proof being that the assumpsit was jointly with *Daniel,* not *Robert* and *William,* the issue was not maintained by the plaintiff. Lord Kenyon seems to confine the rule of that case to a special declaration on a written contract; but Buller, J. said, the case stands thus: " The plaintiff declares on a note given by three persons, describing them ; and the note given in evidence was made by different persons ; the evidence therefore did not support the contract declared on." The whole court held the *name* of the joint contractor not arrested to be matter of description, though his name was not on the note. It was made by the firm. The reason is therefore applicable to the common counts. The contract is equally misdescribed in them. The defendant taken is stated in both instances to have promised jointly with *John,* whereas it was with *George.* A difference is taken where all the defendants are actually served with process ; they then appear and are in that way connected with the suit, though one comes in by a wrong name. In such a case, if any one be misnamed, he and his co-defendants shall be bound by the name given, unless he plead the misnomer in abatement. It might be said, if that were so here, that *George* is sued as partner with Thomas W. by the name of *John. Rogers* v. *Boehm,* 2 Esp. R. 702. There

is no such way to avoid the variance, where he is not sued, but called by a wrong name in a proceeding to outlawry. It is not matter in abatement, as was held in *Shovel v. Evans*, Lutw. 35, which was *indebitatus assumpsit*, for one defendant cannot plead the misnomer of his companion. In that case there was judgment of *respondeas ouster* upon such a plea, and yet that could have done the plaintiff no good, unless the outlawed defendant had afterwards voluntarily appeared, and consented to put the name right.

The main object of the statute, 2 R. S. 299, 2d ed. and the previous revisions, giving the right to proceed against such joint debtors as may be arrested, was to furnish a substitute for outlawry. It is supposed by the plaintiff's counsel that this case is within the 2 R. S. 270, § 4, 2d ed. This provides that where the name of any defendant shall not be known to the plaintiffs, the capias may go by a fictitious name. It is properly answered that no such case was made out at any stage of the proceedings. Whether the name was unknown or whether what is more common in such cases, the mistake originated in a want of due care, no where appears. In a case properly within the statute, the defendant, though arrested, could not plead the misnomer with effect. The plaintiff might reply, and show that his name was not known to him; and that would be equivalent to a replication that he was known as well by the name used, as his real one furnished by the plea.

On the whole, the case before the court seems to form an exception, and almost the only exception to the rule, that a misnomer of parties should be pleaded in abatement. If the parties are in truth before the court, whether plaintiff or defendant, plaintiffs or defendants, if all or any of them be misnamed, whether they be corporate or natural persons, the only way to make the objection good is by a plea in abatement. The persons being actually before the court, by their own consent or otherwise, no matter by what name they choose to call themselves. , The name, as well as every thing else, becomes *rem judicatam*. The court have possession of the persons and the things, and by whatever names the former may be called, it is enough if they can be intelligibly connected by

ALBANY,
Jan. 1837.

Waterbury
v.
Mather.

ALBANY,
Jan. 1837.

Waterbury
v.
Mather.

evidence as parties in interest and participators, in the litigation. They are then tied up and concluded, and in all future litigation may be connected with the subject matter by proper averments. In the immediate suit, and on the immediate trial, all the court and jury have to do, is to see that in truth the real parties are before them. It may sometimes be a troublesome question of identity; still it is, in general, a mere formal dispute of no real consequence; and an abatement is allowed for no reason but to avoid circuity in setting up the suit as a future bar. So soon as the true parties are seen to be before the court, which may be shown on the part of the plaintiff or plaintiffs by the very act of bringing the suit in a wrong name or names, and on the side of the defendant or defendants by silence in omitting to interpose a plea in abatement, the case proceeds exactly as if the names were corrected on the record. The court, however, will take care that the opposite party be not prejudiced by any misnomer of his adversary. The authorities will be found fully to sustain these views. *Rogers* v. *Boehm*, 2 Esq. R. 702. 1 Chitty's Pl. 440, Am. ed. of 1809, and the cases there cited, especially *Mayor and Burgesses of Stafford* v. *Bolton*, 1 Bos. & Pul. 40. Per Thompson Baron, in *Gardner* v. *Walker*, 3 Anstr. 935, 6. *Morley* v. *Law*, 2 Brod. & Bing. 34. *The Clerk of the Trustees of Taunton Market* v. *Kimberley*, 2 W. Black. 1120. *Dickinson* v. *Bowes*, 16 East. 110. *Reeves* v. *Slater*, 7. Barn. & Cres. 487. *Gould* v. *Barnes*, 3 Taunt. 488. 2 Phil. Ev. 7th ed. 129, 183. *Meredith* v. *Hodges*, 5 Bos. & Pul. or 2 N. R. 453. *Murray* v. *Hubbart*, 1 Bos. & Pul. 645. *Longridge* v. *Brewer*, 1 Bing. 143. *Boughton* v. *Freer*, 3 Campb. 29. *Pate* v. *Bacon & Co.* 6 Munf. 219. Within these views, and upon several of the cases cited, the former decision of the superior court, in *Collman and others* v. *Collins*, 2 Hall's R. 569, 577, 8, per Oakley, J., is fully sustained. Nor does that case, as supposed by counsel, at all conflict with the decision in this case. In the former, the resolution was simply that the misnomer in the christian name of one partner plaintiff, who was in fact connected as an actor with the record, was no ground of nonsuit. John there, who chose

to come into court by the name of *Joseph*, stood equally concluded by one name or the other; and if the defendants had thought themselves prejudiced as to the form of their future bar, it was their business to say so by a plea in abatement; and not having done so, they could not object the misnomer as matter of variance on the trial.

Nor does the case before us come within the principle of the rule as to non-joinder of joint parties defendants, upon which it is mainly placed by the counsel for the plaintiff in error. That principle is, that every joint contract is also several in respect to each promissor, obligor or covenantor, as stated by Lord Mansfield in *Rice* v. *Shute*, 5 Burr. 2613; *Barry* v. *Foyles*, 1 Pet. S. C. R. 311, S. P. and more comprehensively by Serjeant Williams, in 1 Saund. 291, *b*, note 4. The co-contractor not on the record may, therefore, be passed by, and the contract be treated exactly as if it bore a several engagement. Such a proceeding is always secure if not met by a plea in abatement; and I should suppose, upon the reason of the case, that the proceeding would be good, though the plaintiff should show, by his declaration, that there is a joint party not sued. But there is certainly high authority to the contrary of this, as noticed by Serjeant Williams in the note cited, which is followed by a dictum of Marshall, C. J., in *Barry* v. *Foyles*, 1 Pet. S. C. R. 317. See also *Rice* v. *Shute*, as reported in 2 W. Black. 695, and *Abbott* v. *Smith*, id. 947.

The moment the contract came to be considered several, it required no subtlety to get rid of the objection for variance, on which the difficulty formerly rested. 1 Wms. Saund. 291, *c*. The declaration was true in a legal sense, when it spoke of the defendant as contracting, without notice of any other; and it was no answer to say another contracted with me, therefore I did not contract. Per De Grey, C. J., in *Abbot* v. *Smith*, 2 W. Black. 950. Yet I am still at a loss to see in what way we are, in the case before us, to say any thing like this. The king's bench failed, as we have seen, in *Gordon* v. *Austin*, nor have the counsel here untied the knot. Surely it would be cutting it, to say that " he promised with *John*" is the same as " he promised with

ALBANY,
Jan. 1837.

Waterbnry
v.
Mather.

George;" and that too when we are speaking descriptively of the contract as connected with a man who is off the record, far away as a party, and who cannot make the matter formally right both for himself and his co-partner, as he might do were he here. Suppose in setting forth a guaranty, the declaration should say the defendant guaranteed the debt of A., and a written guaranty of B.'s debt should be produced in evidence; it would shock every body's notion of descriptive pleading to say here is no variance.

The judgment below must be affirmed.

Judgment affirmed.