CURRIN and wife *vs.* FINN.

The several statutes enabling aliens to take and hold real estate, which were passed prior to the 21st day of April, 1825, were so far modified by the act passed on that day, (*Stat.* 1825, *p.* 427,) that no alien could subsequently take land by purchase, without complying with the provisions of that act.

Accordingly *held* that an alien widow, whose husband, being a citizen, purchased lands during their coverture in 1833, and died in 1838, was not entitled to dower within the principle of *Sutliff* v. *Forgey,* (1 *Cowen,* 89.)

EJECTMENT, for dower, tried at the New-York circuit in January, 1844, before KENT, late C. Judge. The plaintiff, Mary

Eliza Currin, was formerly the wife of James Kerrigan, to whom she was married in the year 1818, and who died leaving her his widow in April, 1838. She afterwards married John Currin, the other plaintiff. The plaintiffs proved these facts, and that the defendant conveyed the premises in·which dower was claimed to James Kerrigan, on the 14th day of December, 1833, and that a demand of dower had been made, and rested. The defendant gave evidence to shew that Mary Eliza was an alien born in Ireland, and that she came to the United States while an infant with her parents, in the year 1801. The plaintiffs, on the other hand, alleged that she was born in this state, and gave some evidence to that effect. The judge charged the jury that if the plaintiff was an alien, she was not entitled to dower, and the plaintiffs' counsel excepted. The jury found for the defendant.

*S. B. H. Judah & A. L. Jordan,* for the plaintiffs, insisted that when the premises in question were conveyed to Kerrigan, the former ·husband of Mary Eliza, she, being at that time the wife of Kerrigan, and being enabled, notwithstanding her alienage, to take and hold real estate by purchase, by the statutes of 1802 and 1808, (2 *R. L.* 542, § 1; *id.* 543, § 1,) by virtue of that conveyance, took a right to dower at the same time that her husband acquired an estate in fee, according to the rule established in *Sutliff v. Forgey,* (1 *Cowen,* 89,) and the same case in error, (5 *Cowen,* 713.)

*J. T. Brady,* for the defendant, insisted that the statutes referred to ceased to have any effect after the enactment of the act " to enable resident aliens to take and hold real estate," passed in 1825. (*Stat. p.* 427.) By the last proviso of the first section of that act, no alien could take or hold real estate by descent or purchase previously to his having made the affidavit mentioned in that section.

*By the Court,* JEWETT, J. At the common law, a *feme covert,* being an alien, was not entitled to be endowed, nor could

Currin *v.* Finn.

she inherit. (*Co. Litt.* 31, *b.* ; *Kelly* v. *Harrison,* 2 *John. Cas.* 29; *Davis* v. *Darrow,* 12 *Wend.* 65.) The statute allowing dower to the resident widow of an alien husband, (1 *R. S.* 740, § 2,) has, of course, no application where, as in this case, the husband was a citizen and the widow an alien.

But it is claimed on the part of the plaintiffs, that Mrs. Currin, although an alien, is entitled to dower in the lands of which her former husband died seized, as a purchaser, within the equity of the provisions of the acts of 1802, and 1808, enabling aliens to purchase and hold real estate, she having come into this state to reside prior to the passage of those acts. (2 *R. L.* 542, 543.) She, however, cannot derive any benefit from these acts. Her husband purchased the premises in 1833, before which time the legislature had passed the act of April, 21, 1825, (*Stat. p.* 427,) which provides, that no alien shall be capable of taking or holding lands or real estate unless he shall have made and filed with the secretary of state, a deposition, showing that he has taken the incipient steps to be naturalized pursuant to the laws of the United States. The provisions of that act were substantially re-enacted by the revised statutes. (1 *R. S.* 720, §§ 15, 16.) In 1830, the legislature extended the benefits of that provision to aliens who had *theretofore* purchased lands, provided they filed a deposition in one year; and that period was subsequently extended by several subsequent acts. (3 *R. S.* 227, 229.)

There is no evidence that Mrs. Currin has at any time taken any steps for procuring her own naturalization, or made the deposition referred to. She could not, therefore, take as a purchaser by means of the conveyance to her husband, under any sound construction of the statutes on that subject. The remark of the late Mr. Justice Cowen, in *Connolly* v. *Smith,* (21 *Wend.* 62,) I think is well sustained by the adjudications on this question, that " the course of legislation has been such, that while it has conferred a right of dower on the resident alien widow of an alien purchaser, it has denied the same right to an alien widow of either a natural born or naturalized citizen, unless she file the proper deposition We do not deny her right, because

the husband was incapable of taking; but the wife must acquire a capacity of her own." Her capacity does not follow that of her husband. No deposition having been filed, she had no capacity to take. I think that these principles are well settled by the cases. (*Sutliff* v. *Forgey*, 1 *Cowen*, 89, *affirmed on error*, 5 *Cowen*, 713; *Mick* v. *Mick*, 10 *Wend.* 379; *Priest* v. *Cummings*, *in error*, 20 *id.* 338; *Connolly* v. *Smith*, *supra.*)

New trial denied.