FINN *vs.* SLEIGHT.

In ejectment for dower, against a person claiming the premises under a deed in fee from the plaintiff's husband, with full covenants, the defendant is not estopped from showing that the husband had but a leasehold estate in the premises.

THIS was an action of ejectment, brought to recover dower in a certain lot in the village of Sandy Hill, in the county of

Finn *v.* Sleight.

Washington, and was commenced in January, 1842. It was tried the third time before WILLARD, Justice, in December, 1848. On the trial the plaintiff proved her marriage with William Finn in 1801, and his death in 1841. That William Finn, in 1810, received a full covenant warranty deed of certain premises, embracing those in dispute, from Jonathan Harris, which deed was duly acknowledged and recorded; that Finn entered under said deed and occupied the premises by himself or his tenants until May, 1823, when he sold the same by deed in fee, with full covenants, to Nathaniel Pitcher. In June, of the same year, Pitcher sold and conveyed the premises now in dispute to the defendant, by quit-claim deed in fee, with covenants against his own acts. It was proved that the defendant was in possession at the commencement of the suit. The plaintiff here rested.

The defendant then offered to prove that William Finn took possession of the premises, and held the same until his conveyance to Gen. Pitcher, as tenant for a term of years, paying an annual rent; that Jonathan Harris, from whom Finn derived his title, occupied as tenant for years, having no other title thereto, and subject to an annual rent; and that Finn well knew the same, and took and held the premises on the same terms, and continued to pay rent while in possession. That said leasehold estate was derived from Underhill, and was from him transferred to Hunter; and that all the tenants paid rent from 1790, the date of said lease, until May, 1834, when the defendant, and others paid off the rent and extinguished it, and took a deed of the said premises in fee, from the lessor.

This testimony was objected to on the part of the plaintiff, but it was agreed by the counsel, with the assent of the judge, that all the evidence should be received, subject to all legal objections, and that a verdict might be taken for the plaintiff subject to the opinion of the supreme court, with leave for either party to turn it into a bill of exceptions or special verdict. The defendant's counsel then gave in evidence the original lease from Townsend Underhill to Nehemiah Seeley, bearing date 1st January, 1790, of three lots of land therein mentioned, and

which it was admitted covered the land in dispute, for the term of 999 years, subject to an annual rent of seven pounds and ten shillings, payable on the 1st of May, in each year, with right of distress, and covenant for re-entry on non-payment of rent. It was then proved that rent had been paid to the agent of the lessor, or of Hunter, who had succeeded to his interest, for the years 1836, 1837, 1838, 1839, and 1841. The defendant next gave in evidence a lease from Nehemiah Seeley, the lessee in the above lease, to Jonathan Harris, of fifteen acres, part of the premises mentioned in the original lease, and covering the premises in dispute, dated 1st October, 1790, for 999 years, reserving a rent of a shilling an acre. It was then proved that rent had been paid on this lease down to 1834, when it was all paid off, and Benjamin Seeley, the executor and heir of Nehemiah Seeley, the lessor in the last lease, released the rent to the several occupants, the defendant among the rest. All the deeds and conveyances before mentioned were made part of the case. The deed from Finn to Pitcher, of May, 1823, was a deed with full covenants, but it contained this clause at the end of it, viz. "But it is expressly understood between the parties hereto, that the covenants of warranty herein contained are not to extend to the claims to the premises hereby conveyed which one Hunter pretends to have, and derives his claim from one Underhill, as is supposed under some lease formerly made of the premises."

The counsel for the plaintiff insisted that the evidence was not sufficient to defeat the plaintiff's recovery, and insisted that William Finn, the husband of the plaintiff, had by the deed from Harris to him, of the premises during the coverture, to wit, 2d of August, 1810, become seised of the premises in fee simple absolute; and it appearing that the defendant went into possession and held the premises under title derived from and under Finn, that he was estopped from setting up that the husband's estate was a mere leasehold; and from disputing in this action of dower, the seisin of the plaintiff's husband. The plaintiff also insisted that the qualification in the deed from Finn to Pitcher related to the *covenants* in the deed, and not to the *estate* conveyed. The defendant's counsel insisted that he

had a right to go to the jury, and ask them to find a verdict for the defendant, on the ground that even if Finn took a deed in fee, he still had a right to acknowledge the true title, and consent to an eviction. 2d. That whether he did so or not was a question of fact for the jury; and there was evidence enough for the jury to presume that he acknowledged his landlord's title; and that he consented to an eviction, and to hold under the landlord as tenant. 3d. That whether the deed from Harris to Finn amounted to a disseisin or not, and whether such disseisin was *purged* or not by Finn's paying rent to the landlord, were all questions of fact for the jury. 4th. That in fact Finn only held a leasehold estate, and intended only to convey a similar estate; and he called on the judge to nonsuit the plaintiff, or to direct a verdict for the defendant.

A verdict was then taken by consent, for the plaintiff, subject to the opinion of the supreme court, with leave for either party to turn it into a bill of exceptions or special verdict.

The cause was tried before WILLARD, circuit judge, about 1843 or 1844, on the same documentary evidence as on the present trial, and he directed a verdict for the plaintiff; holding that the defendant was estopped from showing that the husband of the plaintiff had no title, on the authority of *Hitchcock* v. *Harrington*, (6 *John. Rep.* 290,) and *Brown* v. *Potter*, (17 *Wend.* 164.) The defendant offered to show that only a leasehold estate passed from Finn to Pitcher, and this evidence was excluded by the judge. The bill of exceptions did not set out that deed, or give any full description of it. The supreme court gave a new trial, as appears from the opinion of Ch. J. Nelson, for excluding that evidence. He said the offer was not inconsistent with the other evidence in the case.

When the cause was tried the second time, in 1847, neither counsel had a copy of the opinion of the court, and the counsel could not agree upon the point on which the new trial was ordered. The judge, therefore, after receiving the same proof as was given on the first trial, directed a nonsuit. The cause went again to the supreme court, on a bill of exceptions, and another new trial was ordered. On the last trial, also, the coun-

sel could not agree upon the ground on which the last new trial was ordered. The plaintiff asserted that it was granted on the argument, without a written opinion being given. The defendant's counsel insisted, on the other hand, that it was granted by default. Mr. Hill, who argued it for the plaintiff, says, in a letter written immediately after it was decided, that the cause was argued by himself for the plaintiff and Mr. Stevens for the defendant; "that the court decided it upon the ground that the defendant having entered under a deed purporting to convey a fee, given by the plaintiff's husband, was estopped from setting up that the husband's estate was a mere leasehold. The effect of the exception in the deed from the husband to Pitcher, relating to the pretended claim of Hunter, made no difference, but merely qualified the *covenants* of the grantor." This was probably the ground of the decision.

The cause was submitted on written points and authorities by

*L. Wait*, for the plaintiff.

*N. B. Milliman*, for the defendant.

*By the Court*, WILLARD, J. The plaintiff in the first instance gave the requisite proof to entitle her to recover. She proved her marriage to William Finn, his seisin, during the coverture, under a deed to him of the premises, in fee simple, with full covenants of warranty and seisin, the death of the husband, and that the defendant was in possession claiming under a title derived from the husband in fee simple with full covenants of warranty and seisin. It was proved, however, that though the husband had a deed in fee of the premises, yet in truth his grantor was possessed only of a term for 999 years, subject to an annual rent, and that both he and the persons claiming under him had repeatedly recognized that lease. The important question in the case is whether the defendant, holding under a title derived from the husband, can be permitted to show that the latter was not seised of such estate as entitled the plaintiff to dower. The supreme court, in granting the last

new trial, in truth decided that the defendant was estopped from controverting the seisin of the husband, and consequently that the plaintiff was entitled to recover. This was the settled doctrine of this court for above forty years. (*Hitchcock* v. *Harrington*, 6 *John.* 290. *Collins* v. *Torry*, 7 *Id.* 278. *Hitchcock* v. *Carpenter*, 9 *Id.* 344. *Davis* v *Darrow*, 12 *Wend.* 65. *Bonner* v. *Potter*, 17 *Id.* 164. *Sherwood* v. *Vandenburgh*, 2 *Hill*, 303.) In some of the above cases the grantee of the husband held under a warranty deed, and in others under a quit-claim only; but in all the latter was held to be estopped from proving, as against the widow, that the husband was not seised of such estate as entitled her to be endowed.

This doctrine has recently been discussed in the court of appeals, in the case of *Sparrow* v. *Kingman*, (1 *Comst.* 242,) and the former cases on this subject overruled. In that case the grantee of the husband claimed under a quit-claim deed, and the decision of the supreme court, in refusing evidence that he was seised of a less estate was reversed, on the ground that the doctrine of estoppel on which all the prior cases rested, was inapplicable to such a case. Mr. Justice Wright and Ch. Justice Jewett reviewed all the preceding cases in this court, and showed that they are based upon an untenable foundation. Mr. Justice Bronson dissented, not upon the ground that the earlier cases were not a departure from correct principles—for he thought they were—but upon the principle of *stare decisis*. This doctrine had been questioned in our courts before. In *Sherwood* v. *Vanderburgh*, (2 *Hill*, 303, 308,) Mr. Justice Cowen, while following the earlier cases, expressed an opinion that the doctrine was a fit subject for the court of errors, where he intimated it should be reversed. He concedes that there is no difference in principle, between a tenant holding under a *quit-claim* and under a *warranty deed*. In *Osterhout* v. *Shoemaker*, (3 *Hill*, 518,) Mr. Justice Bronson remarked, that the cases which hold that in dower the grantee of the husband is estopped to deny the grantor's title were to be followed because the rule had been so settled, and not because it rested on any sound principle.

Although in the case of *Sparrow* v. *Kingman* the grantee of

Finn *v.* Sleight.

the husband claimed under a *quit-claim* deed, yet all the reasoning of the court is as applicable to a grantee under a full covenant warranty deed, as it is to a grantee under a quit-claim. If there is no estoppel in the one case, there can not be in the other. The wife is a stranger to the deed ; and as every estoppel must be reciprocal, (*Co. Lit.* 352 *a*,) it follows that the husband's grantee is not estopped, in an action brought by the wife, from showing the truth with respect to the quantity of interest which the husband had in the estate of which she claims dower. This precise question has been decided by the English court of common pleas in the same way. (*Gaunt* v. *Wainman*, 3 *Bing. N. C.* 69.) In that case the defendant claimed under a conveyance from the husband's assignees of a *freehold estate*, and the defendant was held not to be estopped from showing that the premises were merely leasehold. In *Hill* v. *Hill*, (4 *Barb. S. C. Rep.* 429.) Mr. Justice Parker speaks of *Sparrow* v. *Kingman*, as overruling the doctrine which held the grantee of the husband estopped, in an action of dower, from showing that the husband was not seised of an estate in fee. And the whole subject of estoppel was ably discussed by Mr. Justice Paige in *Averill* v. *Wilson*, (4 *Barb. S. C. Rep.* 180,) in accordance with the doctrine of *Sparrow* v. *Kingman*, (*supra.*)

As this was a verdict subject to the opinion of the court, with leave to turn it into a bill of exceptions, judgment must be given for the defendant, on the ground that the plaintiff's husband was not shown to have been seised, during the coverture, of an estate of which she was dowable.

Judgment for the defendant.