## OVERING *vs.* RUSSELL.

Although an alien may not acquire title to real estate, as against the true owner, by an adverse possession of twenty years, claiming title thereto in himself, yet the statute of limitations will furnish a perfect defense to an action of ejectment against him by the true owner.

THIS was an action to recover the possession of real estate. It was tried at the Delaware circuit, before Justice BALCOM. The plaintiff showed a perfect paper title, against the defendant. The defense was adverse possession. The defendant proved that he had been in possession of the premises, claiming them as owner, for 26 or 27 years; and that he had inclosed the same, and cleared and cultivated them. And he showed a perfect defense of adverse possession; unless the fact of his being an alien deprived him of the right to assert such a defense. The judge, at the circuit, held that the defendant, being an alien, could not acquire a title by adverse possession, and directed a verdict for the plaintiff.

*S. Gordon,* for the plaintiff.

*Wm. Gleason,* for the defendant.

MASON, J. This is an action of ejectment, and the defense was adverse possession for 26 or 27 years, under a claim of ownership on the part of the defendant. The defendant was all the time, and still is an alien, never having taken any steps to qualify himself to hold real estate. The judge, at the circuit, held that the defendant, being an alien, could not acquire title to these lands by adverse possession. To this ruling, the defendant by his counsel duly excepted. The defendant's counsel then insisted, and asked the court to rule that the defendant, though an alien, was capable of holding and occupying adversely, claiming title in himself, except as against the state. The judge declined so to hold, and held and decided that such holding and occupation was a nullity, and could be of no avail as a defense in this case; to which

decision the defendant's counsel also excepted. It is not necessary to consider the question when an alien can acquire title to lands by an adverse holding.

In an issue of adverse possession of twenty years, the question of actual title is never tried. The statute bars the right of entry to a man who has been out of possession for twenty years, and another has been in, holding adversely. The plaintiff is barred of his action, because he has been shut out of possession by an adverse claimant for twenty years. The defendant in possession in such a case has a right to stand on the defensive. The real question, in all such cases, respects the plaintiff's right to the remedy, and not the defendant's title to the estate.

On the issue of adverse possession, to advert to the merits is to shift the question from the real subject of inquiry. The case never arrives at that point. It is stopped *in limine.* "*The lapse of twenty years affords a substantive insuperable plea in bar.*" *It is the fixed limit to the remedy.* The *tempus constitutem,* and one day beyond the twenty years is as much too late as one hundred years. This is the peremptory, inflexible rule of law, fixed by positive statute; and it says to the plaintiff in every such case, the door of justice is closed to you. You cannot be heard to show your title. It is decisive to your claim that you come too late. This alone is a perfect bar. The claimant's title may remain, but he has lost his remedy. It follows therefore, in the case at bar, if we admit that the law will cast no title upon an alien by an adverse possession, the statute still remains, and furnishes a perfect answer to the plaintiff's action of ejectment. It says to him, you have been out of possession for more than 20 years, and are thus disqualified to maintain an action to recover your land, against such adverse possession. Such is the settled law, as was held in the court of dernier resort in this state, in *Humbert* v. *Trinity Church,* 24 *Wend.* 589, and see *pages* 604, 605, 611, 613, 614, 615; 7 *Hill,* 476.

This very question was decided in the former case, where

Judge Cowen, in delivering the opinion of the court, at pages 604 and 605, says: "It cannot be received as an objection, that the possession and claim of title are by the agents or tenants of a corporation incapable in law of taking lands." He adds: "It is said that the law will not do an idle thing; that by its own operation it will not cast a title upon one not competent to take as a purchaser, any more than it, will carry land by descent to an alien." "The answer," he says, "was properly given at the bar, that the argument confounds the acquisition of title with the cutting off the remedy. The plaintiff is barred of his action, because he has been shut out of his possession by an adverse claimant for twenty-two years." The supreme court of Massachusetts seem to go even further than this, in the case of *Piper* v. *Richardson*, (9 *Metc.* 155, 157,) where they hold that an alien may acquire title as against the state by an adverse possession long enough to bar the right of entry. There must be a new trial; costs to abide the event.

BALCOM, J. The defendant is an alien; and the question in the case is, whether he can hold the land in dispute as against the plaintiff, by adverse possession, claiming title thereto in himself, for over twenty years. An alien can hold land conveyed to him, as against every one but the state, and maintain actions for its recovery. (*Bradstreet* v. *Supervisors of the County of Oneida*, 13 *Wend.* 546. *Ford* v. *Harrington*, 16 *N. Y. Rep.* 285. 3 *John. Cas.* 109. *The People* v. *Conklin*, 2 *Hill*, 67. 2 *Kernan*, 376. 3 *Hill*, 79. 2 *Kent's Com.* 9*th ed.* 23, 24.) In *The People* v. *Conklin*, (2 *Hill*, 70,) Justice Bronson said: "An alien, although he may take lands by purchase, cannot take by descent; for the law, which does nothing in vain, will not cast an estate upon one who cannot hold it.". (*See* 2 *Hilliard on Real Property*, 3*d ed.* 196.) Kent, J. remarked in *Jackson* v. *Lunn*, (3 *John. Cas.* 121,) that "An alien cannot take by curtesy, dower, &c., because they are estates created by act

of law." (*See* 3 *Hill*, 79 ; 2 *id.* 67 ; 2 *Kernan,* 380 ; 3 *id.* 535 ; 3 *Barb. Ch. R.* 438.)

If a person, who acquires title to land by adverse possession, is deemed to take it as purchaser, an alien may obtain title to it by holding it adversely twenty years, claiming title thereto in himself. A devisee of real estate is deemed to take it as purchaser, and for this reason, by the common law, an alien could hold land devised to him, until inquest of office found, or until claimed by the sovereign. But in this state there is a statute which declares that land devised to an alien, not authorized by statute to hold real estate at the death of the testator, descends to the heirs of the testator, and the devise is void. (2 *R. S.* 57, § 4. 16 *Barb.* 606. 3 *Denio,* 229. 1 *Selden,* 138. 2 *Kernan,* 376. 10 *Wend.* 379.) When an alien is in possession of land, claiming to own it, the presumption is that he holds it as purchaser, for that is the only way he could take it. It would be unreasonable to presume that he claimed it in a way the law does not tolerate. I think I erred at the trial of this cause in holding in effect, that the defendant should be deemed to take the land in dispute by act of law. It is true that the law declares a person to be the owner of land when he has occupied it claiming title thereto for twenty years, and so it declares he has title to it when he receives a deed of it duly executed from the owner. But in either case the law only declares the effect of certain acts. I am inclined to the opinion, however, that the defense of adverse possession in this case can be sustained on more tenable ground than that of deeming the defendant a purchaser of the land in dispute. The statute applicable to the case, (the code not affecting it, § 73,) is that, "no action for the recovery of any lands, tenements or hereditaments, or for the recovery of the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seised or possessed of the premises in question, within twenty years before the commencement of such action." (2 *R. S.* 293,

Overing *v.* Russell.

§ 5.)   When the defendant proved he had held the land twenty years prior to the commencement of the action claiming title thereto adversely to that of the plaintiff, it established the proposition that neither the plaintiff nor his ancestor, predecessor or grantor, was seised or possessed of land within that period.   This proof showed that the plaintiff had slept on his rights too long; for the land was held adversely to his title during this time, although the occupant was an alien.   The statute of limitations is one of repose. Its object is to prevent suits on stale claims, and the investigation of transactions so old that the witnesses to them may be dead, or if living may not accurately remember them.   Its object should be carried out by the courts.   There is no more reason why a claimant of real estate should not sue an alien for it within twenty years than there is that he should sue a citizen for it within the like period.   In Massachusetts, even the state must sue an alien for land within twenty years, after the right or title of the commonwealth thereto *first accrued.* (*Piper* v. *Richardson,* 9 *Metcalf,* 155.)   There is nothing in our statutes to prevent aliens occupying lands adversely to the titles of citizens; and I think when citizens permit aliens to hold their lands adversely for twenty years, they should be barred from recovering them, in the same manner that they are when they permit citizens to hold them adversely for a like period.   The plaintiff could have granted the land to the defendant so that his title would have been good except as against the state; and I think by his negligence he has permitted him to acquire a title equally as good as against himself. My conclusion is, that I erroneously overruled the defence of adverse possession at the trial; and that the verdict should be set aside and a new trial granted, costs to abide the event.

CAMPBELL and PARKER, Justices, concurred.

New trial granted.

[BROOME GENERAL TERM, May 8, 1860. *Mason, Balcom, Campbell* and *Parker,* Justices.]