Woodruff, J.
—When this motion was made, 1 expressed some surprise that counsel had deemed a motion to set aside the process or proceedings in a cause, on the ground of misnomer of the defendant, warranted by any existing practice, and intimated that since I ¿ame to the bar I had *694 not known of such a motion. I was therefore surprised when my attention was called to the case of Elliott v. Hart, (1 How. Pr. R. 25,) in which such a motion 'was granted, and have been induced thereby to examine the subject.
For more than thirty-five years past, no such motion has been entertained -in this State, with the exception above referred to; and it was declared by Justice Woodworth of the Supreme Court, in 1825, that such a motion was without precedent in that court.
In Mann v. Carley and Chapin v. Carley, (4 Cow. 148,) the defendant was called in the capias by a wrong Christian name, and was declared against by his true name, and motions were made on his behalf to set aside the proceedings on that ground, and in one of the cases in which the defendant had not appeared before making his motion, the motion was granted. On that motion, the English cases and books of practice on the subject were very fully cited ; and the court, although the motions were novel, and without precedent in this State, and not of long ancient date in the English courts, and although the court disapproved of the practice, yet deemed it advisable to follow the English practice in the case then before them, deeming that practice, though modern, yet of sufficient antiquity to be binding in this State, until abrogated by some rule, order or decision on the subject. It would seem to me that the fact that the motion was in this State without precedent, and the practice disapproved, would have warranted the court then in saying it was evident that it had never been adopted in this State; or if it was the practice in England when the practice of their courts was' made the practice in the Supreme Court, it had gone into disuse"; or having never been used, had been already and long since abrogated. Be this as it may, the court took care that the practice should no longer exist; for, by an order made at the same term, they provided that in future the court will not entertain such a motion, but will leave the defendant to his plea in abatement.
By no action of the court, that I can discover, has the *695 practice enjoined by that order ever been changed; and from that time, February, 1825, until the present, I find no trace of any such motion, with the exception above referred to. Soon after the above order, it was provided by statute that when the name of any defendant shall not be known to the plaintiff, a capias ad respondendum may be issued against such person by a fictitious name. (2 R. S. p. 347, § 3.) Under this statute, it is clear that no motion to set aside the process on the ground of a misnomer of the defendant could be entertained; and unless this statute is repealed by a section of the -Code hereafter to be noticed, it' is still in force. Accordingly, it was said by the court in Waterbury v. Mather, (16 Wend. 613,) that if the parties are before the court, if all or any of them be misnamed, the only way to make the objection good is by plea in abatement; although if the misnamed defendant was not served, his codefendant might, under the system of practice then in use, take advantage of the variance between the proceedings and the proofs on the trial. And although the order of February, 1825, forbidding a motion to set aside the process, on the ground of misnomer of the defendant, does not appear to have been incorporated in the body of the written rules, afterwards from time to time promulgated, yet the practice conformed thereto; and the rules of 1829, adopted in October, to take effect January 1, 1830, (framed for the purpose of adapting the practice to the Revised Statutes, which then went into operation,) provide, in No. 72, that in cases not provided for by statute or these rules, the proceedings shall be according to the customary practice, as it has heretofore existed. It had become settled practice, originating in the disapproval of the court above stated, the absence of previous precedent in this State, and the order of February, 1825; and the language of the court in Waterbury v. Mather, in 1837, that “the only way to make the objection good, is by plea in abatement,” affirmed the practice as settled, although not embodied in the written rules. The revision of the rules made in 1845 do not, as *696 I perceive, contain any saving in terms of preexisting practice; but they cannot be deemed to abrogate a practice then long established, which was not dependent upon any court rule which was the subject of revision, any more than they should be regarded as abrogating the entire system of practice, a small portion of which was then to be found prescribed in the written body of rules in use. But in the revision of July, 1841, under the new Constitution and the judiciary act, it is expressly provided that, in cases not provided for by statute, nor those rules, the proceedings shall be -according to the customary practice as it has heretofore existed in the Supreme Court, in cases not provided for by statute or the written rules of the court, (No. 103.)
So that, down to the adoption of the Code of Procedure, no such motion as the present could be entertained. Such motions had been declared without precedent; had been disapproved, and, by express order of the court, pro-, hibited, and the practice had been settled and confirmed; and it is proper to add that, in the very case which constituted the solitary instance which had been before the court, and which led to the order of prohibition, the question may be regarded as one of variance between the declaration and the process, and not a naked case of misnomer of the defendant.. It was a case in which the plaintiff had sought to anticipate and avoid the effect of a plea in abatement, by declaring against the defendant by his true name.
The Code of Procedure took effect in 1848; and by section 389 of that Code, and again by section 469 of the Code of 1849, et seq., it is enacted that the practice of the courts in civil actions shall continue in force when consistent with the Code, subject to the power of the courts to alter, &c.; and the court, by the rules first adopted under the Code, August 4, 1849, reenact the former provision, that in cases not provided for, the former practice shall prevail, (No. 92;) and the same provision has been continued in each revision of the rules to the o present time. (Rule 93 of the present rules.)
*697 Unless, then, -the Code itself is, in its provisions, inconsistent with the order of February, 1825, that “the court will not entertain a motion to set aside the process or proceedings in a cause on the ground of a misnomer of the party arrested,” then the practice under that order still continues.
I perceive nothing in the Code inconsistent with the practice heretofore existing on this subject. A doubt is suggested in Eliott v. Hart, (ubi supra,) whether, under the Code, any remedy by plea in abatement now exists. I think the doubt is not warranted. The Code has not limited the defenses which a defendant may interpose. It has given the grounds of demurrer, and provided that if they do not appear on the face of the complaint they may be set up by answer ; but defenses which, from their very nature, cannot appear on the face of the complaint, and which are sufficient in law, may still be set up in the answer. Defenses are numerous which are not included in the enumeration of grounds of demurrer; and it would be both absurd and unjust to hold, that because they are not included in that enumeration, therefore they are no longer available. Former judgment, payment, release, may be named as examples.
Again, the provision of the Revised Statutes above referred to has been reenacted in the Code 175), which provides that when the plaintiff shall be ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name, and when his true name shall be discovered, the pleading or proceeding may be amended accordingly.
If there were doubt upon the general question I have considered, this section would be in the present case conclusive; the plaintiffs’ affidavits .go far to show that, in truth, the defendant is known by the name of Henry Stettiner, and recognized that as his name when sued; but if his name be Simon Stettiner, and only Simon Stettiner, then the plaintiffs were ignorant of his true name, and not only ignbrant after diligent efforts to ascertain his name, *698 but designedly kept in such ignorance by the defendant himself when applied to. The evidence shows a design, on the part of the defendant, to conceal his name either to defeat the plaintiffs’ suit or to embarrass them in its prosecution. It is, then, a clear case for the application of the lT5th section, if Simon be the true name of the defendant, and the plaintiffs are perfectly regular. They are by the motion papers themselves, apprised that the defendant claims that his true name is Simon. I cannot set aside the summons and complaint because it does not contain the true name of the defendant, when the Code, in very terms, warranted the plaintiffs in suing him by any name. It may possibly be that, under this section, if a defendant whom the plaintiff, in ignorance, has sued by a wrong name, applies to the plaintiff and discloses his real name, and asks that the proceedings be amended, might, if the plaintiff refused, apply to the court to direct an amendment; on that question, I express no opinion; but a defendant thus sued cannot, for the first time, disclose his name in the motion papers, and ask -thereupon that the plaintiff’s proceedings, which are in all respects regular, be set aside. Neither do I express an opinion upon the question whether, when there is a variance between the summons and complaint in respect to the name of the defendant, a motion to set aside the latter would be proper. Many of the cases in England, supposed to warrant the motion here made, were cases of variance.
My conclusions are that the practice, as settled before the Code, and still in force, does not allow of a motion to set aside a summons on the ground that there is a misnomer of the defendant therein.
And that under the ll5th section of the Code, the plaintiffs being ignorant of the true name of the defendant, are in all respects regular, although the defendant is misn'amed; and that the defendant cannot first disclose his . true name by his motion papers, and therein ask that the summons be set aside for the misnomer.
The motion is, therefore, denied, with $10 costs.