Speir, J. [after stating the facts].
Although the complaint contains an allegation of general damages in its conclusions, to wit, “That by reason of said false, scandalous, and malicious publication, the plaintiff has suffered loss in his good name, fame, credit, and reputation, and had been brought into suspicion, public scandal, contempt and disgrace among his neighbors, &c., and has suffered damages thereby in the sum of one hundred thousand dollars,” it does not contain any averment that the plaintiff has sustained any special damages.' In an action for libel the plaintiff cannot give evidence of any loss or injury which he has sustained by the publication, unless it be specially stated in the complaint.
The language complained of is not actionable per *159 .56. When the words charged are not actionable of themselves, the plaintiff must allege and prove that by reason of the libelous matter he has sustained some pecuniary damages. As the sole office of the innuendo is to explain, it cannot introduce new matter, nor in any degree enlarge the sense of the words to which it relates. The publication complained of does not “charge the plaintiff of being guilty of having procured money for his wife from the United States Government, for services illegally rendered under an assumed name,” as stated in the innuendo. There is no averment in the publication itself which can possibly be called libelous by any meaning of the words published having reference to the plaintiff, Bell. He is not charged with anything affecting him injuriously. Where there is no ambiguity in the language alleged to be libelous, no innuendo is required to give point to the meaning. The charge that the Commissioner of Patents was dismissed for permitting an illegal procedure does not affect Mr. Bell injuriously in any way. The most that can be said, so far as it concerns his wife, is that the Commissioner of Patents was dismissed for the illegal procedure of letting tracing be done by persons under assumed names, and that the plaintiff’s wife was one of the persons paid for doing this work in her maiden name. If the Commissioner of Patents was guilty of this scandal, it is difficult to see how that affects Mr. Bell or his wife. Even if the demurrer admits that it concerns Mr. Bell, it does not constitute a libel upon him. If the words relate to his wife, the most they can mean is that in this alleged procedure she was allowed to do tracing work, for which she was paid in her maiden name.
In business matters, a contract or obligation may be entered into by a person by any name he may choose to assume. The law looks only to the identity of the individual (Doe v. Yates, 5 Barn. & Ald. 544; Waterbury *160 v. Mather, 16 Wend. 611). It often occurs that a person is as well known by one name as another. In literature and the drama, writers and actors, being married women, are as well known to the public by their maiden names, as by the names they assume upon marriage. I am not aware that this practice or custom has ever been considered a defect or want of moral virtue, or the neglect of moral duty or obligation.
Under the second ground of demurrer, the non-joinder of the wife, it is to be observed that even if the language complained of is actionable per se, the suit should be brought in the name of the husband and wife. It is only where the action is maintained by reason of special damages to the husband that he may sue alone. It is already apparent from the foregoing that there is nothing in the publication that affects the husband except by relation of his wife. Unless she be libeled there is not anything in the publication which entitles him to recover. The plaintiff is here claiming damages for a publication concerning a married woman, and which publication concerns him, because he is that married woman’s husband. If he, therefore, brings the action without joining his wife as a party, he must admit that the publication is not actionable per se. If the publication is actionable per se he must admit there is a defect of parties, owing to the non-joinder of his wife. In either case the defendant is entitled to judgment on the demurrer.